IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EVELYN I. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-6052-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability beginning March 27, 1996, due to conversion disorder, dysthymia and benign positional vertigo. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting the opinion of an examining psychologist; and (3) failing to prove that plaintiff retains the ability perform other work in the national economy.

A.  Plaintiff's Credibility

Plaintiff testified that she doesn't drive as a result of her condition, gets shaky, gets disoriented, suffers memory loss, is often bedridden, can't keep a schedule, and can't spell. Plaintiff testified that she started having mental problems in 2001. The ALJ rejected plaintiff's testimony to the extent it precluded work.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a

2 - ORDER

claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff produced evidence that she suffers from vertigo. However, the ALJ noted some evidence of malingering. Tr. 50. The ALJ noted lack of interest in treatment options and fabrication of other conditions such as hypoglycemia and back problems. Tr. 50. The ALJ also noted that one treating source considered whether plaintiff was getting some secondary gain from her symptoms. Tr. 50, 300. Morever, the ALJ noted other credibility issues.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom

3 - ORDER

> testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted plaintiff's failure to cooperate with treatment and regularly missing treatment appointments. Tr. 50. The ALJ noted inconsistencies in plaintiff's reporting of her business activity such as having four clients in 2002 and then later stating that she stopped the business in March of 2002. Tr. 53. The ALJ also noted plaintiff's lack of cooperation in producing business and tax records, but that she eventually produced records suggestive of an ability to perform continuous and regular work. Tr. 53-54. In addition, the ALJ noted that the medical record completely contradicted plaintiff's allegations of being sick every day since March 27, 1996 and that she could not even get out of bed. Tr. 54. The ALJ further noted that plaintiff testified that she lived with and assisted her mother because her mother was disabled and receiving social security disability benefits. Tr. 55. The ALJ did not err in finding plaintiff to lack credibility based on the record.

B.  Examining Psychologist Opinion

Dr. Gale Smolen, after examining plaintiff, concluded that

4 - ORDER

plaintiff suffers from conversion disorder and dysthymia with anxiety. Tr. 408. Dr. Smolen identified several marked limitations that would preclude work activity. Tr. 411-12. The ALJ rejected Dr. Smolen's opinion.

Where an ALJ chooses to disregard the opinion of a examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor. <u>Smollen v Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996). If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Id</u>. To meet this burden, the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. <u>Embrey v Bowen</u>, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ noted that Dr. Smolen's opinion was based in part on plaintiff's self-reporting and, as noted above, the ALJ properly found plaintiff to lack credibility.

## C.   <u>Ability To Perform Other Work</u>

Plaintiff argues that the Commissioner has the burden to prove that plaintiff is capable of performing other work in the national economy and that the burden has not been met because the ALJ failed

5 - ORDER

to account for Dr. Smolen's opinion and plaintiff's subjective complaints. However, as noted above the ALJ properly discounted Dr. Smolen's opinion and plaintiff's credibility.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this ____8th____ day of __Dec_____, 2006.

                                             s/ Michael R. Hogan
                                            UNITED STATES DISTRICT JUDGE